UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| RUDOLF CALOIAN, | : | CASE NO. 18-59880-SMS |
| | : | |
| Debtor. | : | |
| | : | |
| S. GREGORY HAYS, Chapter 7 Trustee, | : | |
| | : | |
| Movant, | : | CONTESTED MATTER |
| | : | |
| v. | : | |
| | : | |
| RUDOLF CALOIAN | : | |
| | : | |
| Respondent. | : | |

**TRUSTEE'S SECOND MOTION FOR ORDER (A) COMPELLING DEBTOR
TO (I) PERFORM HIS STATUTORY DUTIES AND (II) TURN OVER PROPERTY OF
THE BANKRUPTCY ESTATE AND (B) PROHIBITING DEBTOR FROM REMOVING
FIXTURES OR PROPERTY OF THE BANKRUPTCY ESTATE**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of Rudolf Caloian ("**Debtor**"), by and through undersigned counsel, and files *Trustee's Second Motion for Order (A) Compelling Debtor to (I) Perform His Statutory Duties and (II) Turn Over Property of the Bankruptcy Estate and (B) Prohibiting Debtor from Removing Fixtures or Property of the Bankruptcy Estate* (the "**Second Motion to Compel**").  In support of this Second Motion to Compel, Trustee shows as follows:

16050573v1

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Second Motion to Compel pursuant to 28 U.S.C. §§ 157 and 1334. This Second Motion to Compel presents a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

*a. General Background*

2. Debtor initiated this case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") on June 13, 2018 (the "**Petition Date**"), initiating Case No. 18-59880-SMS (the "**Bankruptcy Case**"). Trustee was thereafter appointed to and remains the duly acting Chapter 7 trustee in the Bankruptcy Case.

3. On December 14, 2018, Trustee filed his *Application for Appointment of Attorneys* [Doc. No. 17], and the Court entered an *Order* [Doc. No. 18] on December 18, 2018, approving the appointment of Arnall Golden Gregory LLP as attorneys for Trustee.

*b. The Property*

4. At the commencement of the Bankruptcy Case, the Debtor's bankruptcy estate was created under 11 U.S.C. § 541(a) (collectively, the "**Bankruptcy Estate**"), and the Bankruptcy Estate includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the Bankruptcy Estate acquired after commencement of the Bankruptcy Case. 11 U.S.C. § 541(a)(1) and (7).

5. Trustee is the sole representative of the Estate. 11 U.S.C. § 323(a).

6. On his *Schedule A/B: Property*, Debtor scheduled an interest in real property commonly known as 2081 Wildcat Cliffs Lane, Lawrenceville, GA 30043-0000 (the

"**Property**"). [Doc. No. 1, Page 15 of 56]. During Trustee's initial investigation of the Property prior to the Meeting of Creditors, the estimated value of the Property was $232,978.00.

7. On his *Schedule C: The Property You Claim as Exempt* [Doc. 1, page 22 of 56], Debtor claimed $21,500.00 of the value of the Property as exempt pursuant to O.C.G.A. § 44-13-100(a)(1) (the "**Exemption**").

### c. Alleged Liens, Interests, and Encumbrances on or against the Property

8. On his *Schedule D: Creditors Who Have Claims Secured by Property* [Doc. No. 1, page 24 of 56], Debtor scheduled one (1) claim on or against the Property in favor of PennyMac Loan Services, LLC ("**PennyMac**") in the amount of $139,700.00. Debtor has continued to make payments on his mortgage, and the estimated payoff amount is now $138,188.02 (the "**Mortgage**").

9. Trustee obtained a full title examination report on the Property effective September 27, 2020 (the "**Title Report**"), confirming PennyMac's security interest in the Property. With the exception of the Bankruptcy Estate's proration of 2021 *ad valorem* real property taxes owing the Gwinnett County Tax Commissioner, the Title Report reflects no other liens, interests, or encumbrances on or against the Property.

### d. The Trustee's First Motion to Compel

10. The total amount of priority and unsecured claims filed against the Bankruptcy Estate is $67,773.53.

11. In order to make a meaningful distribution to creditors, including unsecured creditors, Trustee intends to seek the Court's approval to sell the Property. Initially, based on Trustee's estimated value of the Property in the amount of $232,978.00, a successful sale of the Property would have resulted in an estimated net equity to the Bankruptcy Estate of $58,311.30.

3

12. At that time, Debtor failed to cooperate with Trustee by refusing to allow the Trustee or his broker access to the Property and failing to respond to Trustee's broker.

13. As a result, on September 20, 2019, Trustee filed a *Motion for Order Compelling Debtor to Fulfill Statutory Obligations and to Turn Over Property of the Estate* [Doc. No. 23] (the "**First Motion to Compel**").

14. A hearing on the Fist Motion to Compel was held on October 23, 2019. Neither Debtor no any other party in interest appeared to oppose the relief requested.

15. On November 14, 2019, the Court entered an *Order* [Doc. No. 25], granting the Trustee's First Motion to Compel (the "**Compel Order**"). Pursuant to the Compel Order, Debtor was directed to (a) perform his statutory duties required under 11 U.S.C. § 521; and (b) fully cooperate with Trustee in all respects in his administration of Debtor's Bankruptcy Estate, including, without limitation, cooperating with Trustee in all respects and Trustee's real estate broker with the listing, marketing and sale of the Property.

16. The Compel Order further provided that Debtor shall not remove any appliances, fixtures, or appurtenances from the Property without Trustee's express permission.

### *e. Debtor's Continued Failure and Refusal to Comply*

17. Despite repeated attempts, Debtor has continued to ignore all communications from Trustee, Trustee's representatives, and Debtor's own bankruptcy attorney (both before and after entry of the Compel Order),[1] examples of which follow:

    (a) In September and October of 2018, Bill Celler, a licensed real estate broker, made multiple calls to the Debtor to schedule an appointment to inspect the Property. None of calls were answered or returned.

---

[1] Trustee reserves all rights in this regard, including the right to seek revocation of Debtor's discharge under 11 U.S.C. § 727(d).

4

(b) On December 13, 2018, Debtor's attorney, Alaina Joseph, sent the following email to Scott Askue with the Trustee's office:

> "*Good morning Scott,*
> *We have been attempting to reach Mr. Caloian for a few months now with no response. He has not returned our calls or emails. I appreciate the fact that you reached out to us and attempted to resolve this matter without taking legal action, but at this point, that may be the only way we get a response from him.*"

This correspondence prompted the filing of the First Motion to Compel.

(c) On August 22, 2020, Scott Schwartz ("**Mr. Schwartz**"), a licensed auctioneer and real estate appraiser, called the Debtor to schedule an appointment to inspect the Property. The call was not answered. Mr. Schwartz left a voicemail message. The call was never returned.

(d) The following week, Mr. Schwartz called the Debtor again. The call was not answered. Mr. Schwartz left a voicemail message. The call was never returned.

(e) On September 15, 2020, Duane Butler ("**Mr. Butler**"), an employee of the Trustee's office, called the Debtor. At that time, the phone was answered by a man with what seemed to be an accent. Mr. Butler introduced himself as a representative of the Trustee and that he was calling to coordinate an inspection of the Property with the Trustee's real estate broker. The man said he did not know anything about the bankruptcy of the Property, and hung up the phone. Mr. Butler attempted to call the number later in the day and there was no answer. The voicemail box for this number was full, so Mr. Butler did not leave a message.

(f) On September 17, 2020, Mr. Butler called again. There was no answer, but Mr. Butler was able to leave a detailed message on Debtor's voicemail to contact the Trustee's office. The call was never returned.

5

### *f. Employment of Real Estate Broker*

18. In an effort to compel Debtor's cooperation, Trustee filed his *Application to Employ Real Estate Agent Under Listing Agreement* [Doc. No. 29] on October 20, 2020, and the Court entered an *Order* [Doc. No. 30], authorizing the employment of Atlanta Communities Real Estate Brokerage and Mr. Celler as his real estate broker (collectively, the "**Broker**") on October 22, 2020.

19. Once again, Mr. Celler placed calls to the Debtor. None of the calls were answered or returned.

### Request that Debtor Perform His Duties
### Required Under 11 U.S.C. § 521

20. The Bankruptcy Code requires the Debtor to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties," 11 U.S.C. § 521(a)(3). "'It should be emphasized that the relationship between a trustee and a debtor is not supposed to be adversarial. The duties imposed by § 521 are affirmative obligations. A trustee is not required to play detective or to chase a debtor into court to gain his cooperation. Indeed, the concept of cooperation with surrender to the trustee *connote the need for willing assistance . . . .*'" *In re Dunn*, 320 B.R. 161, 165 (Bankr. S.D. Ohio 2004) (emphasis added) *citing In re Sowers*, 97 B.R. 480, 487 (Bankr. N.D. Ind. 1989).

21. Therefore, Trustee requests an Order from the Court directing Debtor to fully cooperate with Trustee and the Broker, including inspection, listing, marketing, and selling of the Property.

16050573v1

## Request for Turnover of the Property
## Under 11 U.S.C. § 521

22.     At the commencement of the Bankruptcy Case, the Bankruptcy Estate was created under 11 U.S.C. § 541(a), and the Bankruptcy Estate includes all Debtor's legal or equitable interests in property as of the commencement of the Case and any interest in property that the Bankruptcy Estate acquires after commencement of the Case. 11 U.S.C. § 541(a)(1) and (7).

23.     Based on Trustee's independent investigation of value and a real estate broker's estimation of value based on a comparative marketing analysis, without the benefit of an inspection of the Property, Trustee has determined that the value of the Property would support a listing price of $264,339.00.  As successful sale of the Property would result in an estimated net equity to the Bankruptcy Estate of $88,790.64, calculated as follows:

| | |
|---|---|
| Estimated Value of the Property: | $264,339.00 |
| Mortgage | ($138,188.02) |
| Estimated Sale Costs | ($ 15,860.34) |
| Exemption | ($ 21,500.00) |
| **Net Equity** | **$ 88,790.64** |

24.     As prescribed by 11 U.S.C. § 704, there are certain duties the Trustee is required to perform, including liquidating property of the Bankruptcy Estate. Under 11 U.S.C. § 521(a)(3) and Rule 4002(a)(4) of the Federal Rules of Bankruptcy Procedure, Debtor is required to cooperate with the Trustee as necessary to enable Trustee to perform these duties.

25.     In turn, under 11 U.S.C. § 521(a)(4), Debtor *must* surrender to Trustee all property of the Bankruptcy Estate, which includes the Property, and, under 11 U.S.C. § 542(a),

7

16050573v1

an entity, including a debtor,[2] in possession of property of a bankruptcy estate, which a trustee may use or sell, must turn that property over to the trustee.

26. Based on these principles of law, and Debtor's continued failures to comply with the first Compel Order (and to even respond to the numerous attempts at communicating with him), Trustee seeks an order directing Debtor to vacate the Property immediately, leaving it in a clean broom-swept condition with all appliances, fixtures, and appurtenances left at the premises. Trustee will maintain insurance coverage on the Property until it can be sold.

27. Alternatively, Trustee seeks an order directing Debtor's immediate compliance with all of his required duties and his full cooperation with Trustee, including (a) cooperating with Trustee in all respects; (b) allowing Broker to place a "For Sale" sign in the front yard; (c) providing Broker with a key for the lockbox on the door; (d) maintaining the utilities and keeping the Property in a clean and proper condition for showing; and (e) cooperating with Broker and other agents showing the Property.

WHEREFORE, Trustee prays that the Court enter and Order:

(a) Granting the Second Motion to Compel;

(b) Directing Debtor to perform the statutory duties required of him under 11 U.S.C. § 521 and Rules 4002 and 7001 of the Federal Rules of Bankruptcy Procedure;

(c) Directing Debtor to promptly turn over the Property, as required by 11 U.S.C. § 542, and prohibiting Debtor from removing any fixtures or appurtenances from the Property; and

---

[2] A debtor is an "entity" within the meaning of Section 542. *See, e.g., Kerr v. Hackney (In re Hackney)*, Case No. 09-79795-JEM, Docket No. 43, *3 (Bankr. N.D. Ga. April 3, 2012) (Massey, J.).

(d) Granting such other and further relief as is just and proper.

Respectfully submitted this 3rd day of February, 2021.

                                            ARNALL GOLDEN GREGORY, LLP
*Attorneys for Chapter 7 Trustee*

By: */s/ Michael J. Bargar*
     Michael J. Bargar
     Georgia Bar No. 645709
     michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, Georgia 30363
Phone: (404) 873-8500 / Fax: (404) 873-8501

9

16050573v1

## CERTIFICATE OF SERVICE

      This is to certify that I have this day served true and correct copies of the foregoing *Trustee's Motion for Order (A) Compelling Debtor to (I) Perform His Statutory Duties and (II) Turn Over Property of the Bankruptcy Estate and (B) Prohibiting Debtor from Removing Fixtures or Property of the Bankruptcy Estate* by delivering copies of the same via United States first class mail, postage prepaid, to the following persons or entities:

Office of the U.S. Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

Alaina Joseph
King & King Law, LLC
215 Pryor Street, S.W.
Atlanta, GA 30303

S. Gregory Hays
Chapter 7 Trustee
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

Rudolf Caloian
2081 Wildcat Cliffs Lane
Lawrenceville, GA 30043

This 3rd day of February, 2021.

                                                                */s/ Michael J. Bargar*
                                                                 Michael J. Bargar
                                                                 Georgia Bar No. 645709

16050573v1