UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| RUDOLF CALOIAN, | : | CASE NO. 18-59880-SMS |
| | : | |
| Debtor. | : | |
| | : | |

## MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

COMES NOW S. Gregory Hays, as Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**" or "**Bankruptcy Estate**") of Rudolf Caloian ("**Mr. Caloian**"), and, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, files this *Motion for Approval of Settlement Agreement under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Motion**"), and respectfully shows this Court the following:

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

### Background

2. On June 13, 2018 (the "**Petition Date**"), Mr. Caloian filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 7 Case No. 18-59880-SMS (the "**Bankruptcy Case**").

16355484v1

3. Trustee was thereafter appointed the duly acting Chapter 7 trustee in the Bankruptcy Case, and he remains in this role.

4. Mr. Caloian and Maria Caloian ("**Mrs. Caloian**" and together, the "**Caloians**") are divorced but living together.

5. On the Petition Date, Mr. Caloian was the owner of record of that certain real property with a common address of 2081 Wildcat Cliffs Lane, Lawrenceville, GA 30043 (the "**Property**").

6. Mr. Caloian's interest in the Property (the "**Interest**") is property of the Bankruptcy Estate. *See* 11 U.S.C. §§ 348 and 541 (2018).

7. On his *Schedule D: Creditors Who Have Claims Secured by Property* [Doc. No. 1, page 24 of 56], Mr. Caloian scheduled one (1) claim on or against the Property in favor of PennyMac Loan Services, LLC ("**PennyMac**") in the amount of $139,700.00. Mr. Caloian has continued to make payments on his mortgage, and the estimated payoff amount is now approximately $138,000.00 (the "**Mortgage**").

8. On his *Schedule C: The Property You Claim as Exempt* [Doc. 1, page 22 of 56], Mr. Caloian claimed $21,500.00 of the value of the Property as exempt pursuant to O.C.G.A. § 44-13-100(a)(1) (the "**Exemption**").

9. As part of his investigation of property of the Bankruptcy Estate, and based on a real estate broker's comparative marketing analysis, Trustee estimates that the Property would support a listing price of approximately $275,000.00.

10. The Caloians dispute this valuation and would like to purchase the Interest from the Bankruptcy Estate (the "**Transfer Dispute**") rather than Trustee's selling it.

16355484v1

11. Following negotiations, Trustee and the Caloians (collectively, the "**Parties**") have reached an agreement to transfer the Interest to the Caloians by Trustee's abandoning it back to Mr. Caloian following the payment of a sum certain by the Caloians.

### *The Proposed Settlement*

12. Subject to approval by the Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure, the Parties[1] have entered into a settlement agreement (the "**Settlement Agreement**") to resolve the claims and disputes between them as follows:[2]

   a. The Caloians shall pay $75,000.00 (the "**$75,000.00 Settlement Funds**") in good funds to Trustee in exchange for Trustee's abandoning the Interest to Mr. Caloian.

   b. The Interest of the Bankruptcy Estate in and to the Property shall be deemed abandoned upon the later of: (a) Trustee's receipt in full of the $75,000.00 Settlement Funds from the Caloians in good funds; or (b) the Settlement Approval Order becoming final.

   c. The Caloians are required to maintain and insure the Property and pay their Mortgage Payments until the later of: : (a) Trustee's receipt in full of the $75,000.00 Settlement Funds from the Caloians in good funds; or (b) the Settlement Approval Order becoming final.

13. Attached hereto and incorporated herein by reference as Exhibit "A" is a copy of the proposed Settlement Agreement.

### **Relief Requested**

14. Trustee requests an order from the Court approving the Settlement Agreement.

---

[1] Capitalized terms used herein, but not otherwise defined shall have the meanings ascribed in the Settlement Agreement.

[2] The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement controls.

16355484v1

**Basis for Relief Requested**

15. Rule 9019(a) of the Bankruptcy Rules provides, in pertinent part: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019.

16. The standard in the Eleventh Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is articulated in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990):

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> > (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549.

17. The proposed settlement between the Parties is the product of arms' length negotiations and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues.

18. The proposed settlement will allow Trustee to make a meaningful distribution to the holders of timely filed general unsecured claims in this Bankruptcy Case and avoid the costs and risks of marketing and selling the Property through a licensed real estate broker (and also allow the Caloians to keep their primary residence).

19. Under the standard set forth above and for the reasons previously detailed in this Settlement Motion, Trustee urges that this Court approve the Settlement Agreement.

16355484v1

WHEREFORE, having filed the Motion, Trustee prays that the Court grant the Motion, approve the Settlement Agreement, and grant Trustee such other and further relief as it deems just and proper.

Respectfully submitted this 24th day of March, 2021.

                                  ARNALL GOLDEN GREGORY LLP
                                  *Attorneys for Trustee*

                                  By:*/s/ Michael J. Bargar*
                                       Michael J. Bargar
                                       Ga. Bar No. 645709
                                  Arnall Golden Gregory, LLP
                                  171 17th Street, NW, Suite 2100
                                  Atlanta, Georgia 30363-1031
                                  Email: michael.bargar@agg.com
                                  Phone: 404-873-7030

16355484v1

**EXHIBIT "A" FOLLOWS**

16355484v1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") dated as of March 24, 2021 (the "**Effective Date**"), is entered between S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Rudolf Caloian ("**Mr. Caloian**"); Mr. Caloian, an individual resident of the State of Georgia; and Maria Caloian ("**Mrs. Caloian**"), an individual resident of the State of Georgia.

### Background

1. On June 13, 2018 (the "**Petition Date**"), Mr. Caloian filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 7 Case No. 18-59880-SMS (the "**Bankruptcy Case**").

2. Trustee was thereafter appointed the duly acting Chapter 7 trustee in the Bankruptcy Case, and he remains in this role.

3. Mr. Caloian and Mrs. Caloian are divorced (together, the "**Caloians**") but living together.

4. On the Petition Date, Mr. Caloian was the owner of record of that certain real property with a common address of 2081 Wildcat Cliffs Lane, Lawrenceville, GA 30043 (the "**Property**").

5. Mr. Caloian's interest in the Property (the "**Interest**") is property of the Bankruptcy Estate. *See* 11 U.S.C. §§ 348 and 541 (2018).

6. On his *Schedule D: Creditors Who Have Claims Secured by Property* [Doc. No. 1, page 24 of 56], Mr. Caloian scheduled one (1) claim on or against the Property in favor of PennyMac Loan Services, LLC ("**PennyMac**") in the amount of $139,700.00. Mr. Caloian has continued to make payments on his mortgage, and the estimated payoff amount is now approximately $138,000.00 (the "**Mortgage**").

7. On his *Schedule C: The Property You Claim as Exempt* [Doc. 1, page 22 of 56], Debtor claimed $21,500.00 of the value of the Property as exempt pursuant to O.C.G.A. § 44-13-100(a)(1) (the "**Exemption**").

8. As part of his investigation of property of the Bankruptcy Estate, and based on a real estate broker's comparative marketing analysis, Trustee estimates that the Property would support a listing price of approximately $275,000.00.

9. The Caloians dispute this valuation and would like to purchase the Interest from the Bankruptcy Estate (the "**Transfer Dispute**") rather than Trustee's selling it.

10. Following negotiations, Trustee and the Caloians (collectively, the "**Parties**") have

Page 1 of 6

16346260v1

reached an agreement to transfer the Interest to the Caloians by Trustee's abandoning it back to Mr. Caloian following the payment of a sum certain by the Caloians.

Accordingly, the Parties agree as follows:

1. **Background.** The recitations in the above background section are incorporated into this Agreement as if set forth fully herein.

2. **Transfer of the Interest and Resolution of the Transfer Dispute.** Subject to approval of this Agreement by the Bankruptcy Court, following notice and the opportunity for a hearing, the Parties agree to resolve the claims and disputes related to the Property as follows:

    2.1. *Approval of Proposed Settlement.* Within five (5) business days after execution of this Agreement by each of the Parties, Trustee shall prepare and file the necessary pleadings, including, but not limited to, a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Settlement Approval Motion**"), seeking entry of an order by the Bankruptcy Court approving the compromise and settlement contemplated herein ("**Settlement Approval Order**").

    2.2. *Payment of Settlement Funds.* Within five (5) business days of the Effective Date, the Caloians shall pay $75,000.00 (the "**$75,000.00 Settlement Funds**") in good funds to Trustee in exchange for Trustee's abandoning the Interest to Mr. Caloian.

    The Caloians shall pay the $75,000.00 Settlement Funds to Trustee by delivering an official check in the appropriate amount set forth above and made payable to "S. Gregory Hays, Trustee (Caloian)" addressed as follows:

    S. Gregory Hays
    Hays Financial Consulting, LLC
    Suite 555
    2964 Peachtree Road
    Atlanta, GA 30305

    For the purposes of this Agreement, the Settlement Approval Order becomes final when it has been entered on the docket in the Bankruptcy Case and it (a) has not been reversed, stayed, modified or amended and as to which the time to appeal from, or to seek review or rehearing of, has expired and as to which no appeal or petition for review, rehearing or certiorari is pending; or (b) if appealed from, has been affirmed (or the appeal dismissed) and the time to appeal from such affirmance or to seek review or rehearing thereof has expired, or no further hearing, appeal or petition for certiorari can be taken or granted.

16346260v1

2.3. *Abandonment of the Property.* The Interest of the Bankruptcy Estate in and to the Property shall be deemed abandoned upon the later of: (a) Trustee's receipt in full of the $75,000.00 Settlement Funds from the Caloians in good funds; or (b) the Settlement Approval Order becoming final.

2.4. *The Caloians to Insure Property.* The Caloians shall insure the Property to protect the Bankruptcy Estate against loss, whether casualty or personal liability, until the later of: (a) Trustee's receipt in full of the $75,000.00 Settlement Funds from the Caloians; or (b) the Settlement Approval Order becoming final.

2.5. *The Caloians to Pay Real Property Taxes.* The Caloians shall pay all *ad valorem* real property taxes that accrue against or as a result of the Property until the later of: (a) Trustee's receipt in full of the $75,000.00 Settlement Funds from the Caloians; or (b) the Settlement Approval Order becoming final.

2.6. *The Caloians to Pay All Mortgage Payments.* The Caloians shall pay all payments owed on any debt secured by an interest in the Property (the "**Mortgage Payments**") until the later of: (a) Trustee's receipt in full of the $75,000.00 Settlement Funds from the Caloians; or (b) the Settlement Approval Order becoming final.

2.7. *The Caloians Shall Not Grant or Allow any Additional Encumbrances Against the Property.* The Caloians shall not grant or permit any future encumbrances against the Property without Trustee's express written permission and appropriate authority from the Bankruptcy Court until the later of: (a) Trustee's receipt in full of the $75,000.00 Settlement Funds from the Caloians; or (b) the Settlement Approval Order becoming final.

2.8. *The Caloians Shall Pay for All Maintenance of Property.* The Caloians shall pay all maintenance and repair expenses that arise from or that are related to the Property until the later of: (a) Trustee's receipt in full of the $75,000.00 Settlement Funds from the Caloians; or (b) the Settlement Approval Order becoming final.

2.9. *No Section 502(h) Claim.* The Parties stipulate and agree that the Caloians shall not have a claim under Section 502(h) of the Bankruptcy Code in the Bankruptcy Case for or on account of payment of the $75,000.00 Settlement Funds, or for any reason, and that neither the Caloians nor any of their affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate.

2.10. *No Pre-Payment Penalty.* Notwithstanding anything to the contrary in this Agreement, the Caloians may pay at any time the entire amount due under this Agreement without incurring a pre-payment penalty.

2.11. *Waiver of Exemption in the Property.* Effective upon the Settlement Approval Order becoming final, the Caloians waive any and all obligations that the

16346260v1

        Bankruptcy Estate may otherwise have to pay to the Caloians out of the $75,000.00 Settlement Funds on account of exemptions asserted by or on behalf of the Caloians, if any, in the Property, the Interest, or the $75,000.00 Settlement Funds.

3. **No Admissions.** The Parties acknowledge and agree that this Agreement is being executed and delivered as part of the compromise and settlement of disputed claims and is expressly contingent upon and subject to the approval of the Bankruptcy Court for the Northern District of Georgia. The Parties further acknowledge and agree that this Agreement will not and may not be used or construed as an admission of any liability or responsibility to any party or to any other persons.

4. **Entire Agreement; Modification.** The Parties agree that there are no other agreements, oral or written, between or among them relating to any matters covered by this Agreement and that this Agreement constitutes the entire agreement and understanding between the Parties relating to the subject matter contained herein. The Parties further agree that this Agreement may not be altered, amended, or modified in any respect or particular whatsoever, except by a writing duly executed by Trustee and the Caloians and that any material amendment is subject to Bankruptcy Court approval.

5. **Voluntary Execution of Agreement.** The Parties hereby mutually acknowledge and represent and warrant that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Agreement, that they have read, know, and understand completely the contents hereof, and that they have voluntarily executed the same. The Parties further mutually acknowledge and represent and warrant that they have had input into the drafting of this Agreement and that, accordingly, in any construction to be made of this Agreement, it shall not be construed for or against either Trustee or the Caloians but rather shall be given fair and reasonable interpretation based on the plain language of this Agreement and the expressed intent of the Parties.

6. **Authority of Parties.** The persons executing this Agreement represent and warrant that they have the legal and institutional authority to do so on behalf of the person or legal entity for which they are signing.

7. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which is an original, and all of which constitute only one agreement between the Parties. Counterparts of this Agreement also may be exchanged via electronic transmission such as facsimile machines or computer, and any Party's signature transmitted by such electronic transmission shall be deemed to be an original signature for all purposes.

8. **Bankruptcy Court Jurisdiction.** The Bankruptcy Court shall retain jurisdiction over the Parties for enforcement of this Agreement and any and all disputes, controversies, or claims regarding the interpretation, validity, construction or other issue relating to or concerning this Agreement. An action relating to, based upon, or arising from a breach of this Agreement

16346260v1

shall be brought only in the Bankruptcy Court which shall retain jurisdiction over the subject matter and the Parties for this purpose.

9. **Georgia Law Applicable.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia, without regard to its conflict of law principles.

10. **Severability.** If any provision of this Agreement is illegal or unenforceable, that provision is severed from this Agreement and the other provisions remain in force.

11. **Notices.** Any notices by Parties provided for or permitted under this Agreement, or by law, shall be in writing and shall be deemed received: (a) when personally delivered to a party, on the date of such delivery; or (b) when sent via electronic mail to a party at the electronic mail address set forth below, on the date of transmission, provided that the transmitting Party has no reasonable belief that the electronic mail was not delivered; or (c) when deposited in the United States Mail, certified and postage prepaid, addressed to such party at the address set forth below, three (3) days following the deposit of such notice in the mail. Notices shall be sent to the parties as follows

   11.1. *If to Trustee*:

   Michael J. Bargar
   Arnall Golden Gregory LLP
   171 17th Street, NW, Suite 2100
   Atlanta, GA 30363
   michael.bargar@agg.com (electronic mail)

   11.2. *If to the Caloians*:

   Tim Hurban
   King & King Law, LLC
   215 Pryor Street, S.W.
   Atlanta, GA 30303
   tim.hurban@kingandkingllc (electronic mail)

   The address to which notices are to be sent may be changed by any party by providing notice of the new address as provided herein.

12. **Restoration.** In the event that the Bankruptcy Court denies approval of this Agreement, then, and in that event, unless otherwise agreed by the Parties in writing, this Agreement shall terminate and be null and void and have no further force or effect and the Parties shall be restored to their respective factual and legal positions which existed immediately prior to execution of this Agreement.

13. **Parties to Bear Own Costs.** Except as otherwise stated in this Agreement, each Party shall bear its own costs (including attorney's fees) incurred in connection with the negotiation, preparation, execution, and carrying out of this Agreement and any other agreements,

Page 5 of 6

16346260v1

instruments, or documents executed in accordance with the terms of this Agreement.

14. **Time is of the Essence.** Time is of the essence in this Agreement.

To evidence the Parties' agreement to this Agreement, they have executed and delivered it on the dates set forth below the signature lines, but as of the Effective Date.

**TRUSTEE**

_____
S. Gregory Hays, as and only as
Chapter 7 Trustee for the bankruptcy
estate of Rudolf Caloian (Case No. 18-59880-SMS)

Dated: 3-24-2001


**MR. CALOIAN**

_____
Rudolf Caloian

Dated: 03/24/2021


**MRS. CALOIAN**

_____
Maria Caloian

Dated: 03/24/2021

16346260v1

# CERTIFICATE OF SERVICE

This is to certify that I have this day served copy of the *Motion for Approval of Settlement Agreement under Rule 9019 of the Federal Rules of Bankruptcy Procedure* via electronic mail or by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

Office of the U.S. Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

S. Gregory Hays
Chapter 7 Trustee
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

Alaina Joseph
King & King Law, LLC
215 Pryor Street, S.W.
Atlanta, GA 30303

Rudolf Caloian
2081 Wildcat Cliffs Lane
Lawrenceville, GA 30043

Tim Hurban
King & King Law, LLC
215 Pryor Street, S.W.
Atlanta, GA 30303

This 24th day of March, 2021.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

16355484v1