UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| RUDOLF CALOIAN, | : | CASE NO. 18-59880-SMS |
| | : | |
| Debtor. | : | |

**APPLICATION BY TRUSTEE FOR COMPENSATION**

TO:   THE HONORABLE SAGE M. SIGLER
      UNITED STATES BANKRUPTCY JUDGE

This Application of S. Gregory Hays, brought pursuant to Section 330 of the United States Bankruptcy Code, respectfully shows that he is the duly-appointed and qualified Trustee in Bankruptcy of the above-captioned Estate, that the assets of said Debtors have been liquidated, and that there came into the hands of the undersigned Trustee for disbursement the total sum of $75,000.00 of which $0.00 has been disbursed to the Debtor and the Trustee anticipates an additional $0.00 will be distributed to the Debtor.

In the administration of said Estate, your Applicant has performed those services required by a Trustee. This Application is for services rendered from June 13, 2018 through June 24, 2021. The statutory allowance is the sum of $7,000.00, and Applicant has heretofore received on his account compensation as Trustee in the sum of $0.00.

Your Applicant has not in any form or guise agreed to share the compensation for such services with any person not contributing thereto, or to share in the compensation of any person rendering services in this proceeding to which services Applicant has not contributed. Your Applicant has not entered into any agreement, written or oral, express or implied, with any other party in interest or any attorney of any other party in interest in this proceeding for the purpose of

fixing the amount of the fees or other compensation to be paid to any party in interest, or any attorney of any party in interest herein for services rendered in connection therewith.

On June 13, 2018, Rudolf Caloian (the "**Debtor**" or "**Mr. Caloian**") filed a voluntarily petition under Chapter 7 of Title 11 of the United States Code (11 U.S.C. § 101, *et seq.*, as amended, is hereinafter referred to as the "**Bankruptcy Code**"), initiating Case No. 18-59880-SMS.

Shortly thereafter, Trustee was appointed, and he remains, the duly acting Chapter 7 trustee in this Bankruptcy Case.

At the commencement of the Bankruptcy Case, the Bankruptcy Estate was created under 11 U.S.C. § 541(a) and includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the Bankruptcy Estate acquired after commencement of the Case. 11 U.S.C. § 541(a)(1) and (7) (2018).

On the Petition Date, Mr. Caloian was the owner of record of that certain real property with a common address of 2081 Wildcat Cliffs Lane, Lawrenceville, GA 30043 (the "**Property**").

Mr. Caloian's interest in the Property (the "**Interest**") is property of the Bankruptcy Estate. See 11 U.S.C. § 541 (2018).

On his Schedule D: Creditors Who Have Claims Secured by Property [Doc. No. 1, page 24 of 56], Mr. Caloian scheduled one (1) claim on or against the Property in favor of PennyMac Loan Services, LLC ("**PennyMac**") in the amount of $139,700.00. Following the Petition Date, Mr. Caloian continued to make payments on his mortgage (the "**Mortgage**").

On his Schedule C: The Property You Claim as Exempt [Doc. 1, page 22 of 56], Mr. Caloian claimed $21,500.00 of the value of the Property as exempt pursuant to O.C.G.A. § 44-13-

100(a)(1) (the "**Exemption**").

As part of his investigation of property of the Bankruptcy Estate, and based on a real estate broker's comparative marketing analysis, Trustee estimated that the Property would support a listing price of approximately $275,000.00 and thus had significant equity over and above the Mortgage and Exemption.

Having determined that there was likely significant equity in the Property, Trustee attempted, without the assistance of counsel, to sell Debtor the equity in the Property or to compel him to cooperate with Trustee's marketing and selling of the Property.

After numerous failed attempts in this regard, including Debtor being completely unresponsive to Trustee's efforts, Trustee decided, in his business judgment, to utilize counsel to compel Debtor's cooperation.

In this regard, on September 20, 2019, Trustee filed a motion [Doc. No. 23] (the "**First Motion to Compel**") to compel Debtor's cooperation. And, on November 14, 2019, the Court entered an Order [Doc. No. 25], granting the First Motion to Compel (the "**Compel Order**"). Pursuant to the Compel Order, Debtor was directed to (a) perform his statutory duties required under 11 U.S.C. § 521; and (b) fully cooperate with Trustee in all respects in his administration of Debtor's Bankruptcy Estate, including, without limitation, cooperating with Trustee and Trustee's real estate broker with the listing, marketing, and sale of the Property.

Despite repeated attempts by the Trustee and the Compel Order, Debtor continued to ignore all communications from Trustee, Trustee's representatives, and Debtor's own bankruptcy attorney (both before and after entry of the Compel Order), examples of which follow:

(a) In September and October of 2018, Bill Celler, a licensed real estate broker, made multiple calls to the Debtor to schedule an appointment to inspect the Property. None of calls were answered or returned.

(b) On December 13, 2018, Debtor's attorney, Alaina Joseph, sent the following email to the Trustee's office:

> *We have been attempting to reach Mr. Caloian for a few months now with no response. He has not returned our calls or emails. I appreciate the fact that you reached out to us and attempted to resolve this matter without taking legal action, but at this point, that may be the only way we get a response from him.*

(It was this correspondence that prompted the First Motion to Compel).

(c) On August 22, 2020, Scott Schwartz ("**Mr. Schwartz**"), a licensed auctioneer and real estate appraiser, called the Debtor to schedule an appointment to inspect the Property. The call was not answered. Mr. Schwartz left a voicemail message. The call was never returned.

(d) The following week, Mr. Schwartz called the Debtor again. The call was not answered. Mr. Schwartz left a voicemail message. The call was never returned.

(e) On September 15, 2020, Dwaine Butler ("**Mr. Butler**"), an employee of the Trustee's office, called the Debtor. At that time, the phone was answered by a man. Mr. Butler introduced himself as a representative of the Trustee and stated that he was calling to coordinate an inspection of the Property with the Trustee's real estate broker. The man said he did not know anything about the bankruptcy, and hung up the phone. Mr. Butler attempted to call the number later in the day, and there was no answer. The voicemail box for this number was full, so Mr. Butler did not leave a message.

(f) On September 17, 2020, Mr. Butler called again. There was no answer, but Mr. Butler was able to leave a detailed message on Debtor's voicemail to contact the Trustee's office. The call was never returned.

As a result of Debtor's continued refusal to comply with his statutory duties (and despite this Court's order compelling his cooperation), and at a loss for what might elicit a response from Debtor, on October 20, 2020,[1] Trustee filed an application to employ a real estate broker, in the hopes that this would compel Debtor's cooperation. [Doc. Nos. 29 and 30]. This also failed, so on February 3, 2021, Trustee filed a second motion to compel Debtor's cooperation. [Doc. No. 32].

Finally, after Trustee filed his second motion to compel, Debtor responded to Trustee's efforts, and on March 24, 2021, Trustee filed a motion to approve an agreement between Trustee, on the one hand, and Mr. Caloian and his ex-wife (collectively, the "**Caloians**"), on the other hand, through which the Caloians would purchase the Bankruptcy Estate's Interest in the Property for $75,000.00. [Doc. No. 38]. On April 21, 2021, the Court entered an order approving this agreement. [Doc. No. 43].

After much effort by Trustee and his professionals to obtain Mr. Caloian's cooperation, the Caloians have paid Trustee the $75,000.00 owed under the terms of the agreement, and Trustee is prepared to close the Bankruptcy Estate.

As said Trustee, your Applicant has or will pay in the final administration of the Bankruptcy Case out of his own funds expenses totaling $62.73, none of which have been repaid

---

1   Importantly, this was at the height of the COVID-19 pandemic, and, as a result, Trustee was hesitant to seek to have Debtor removed from his home.

and for which he prays for reimbursement. Attached hereto marked as Exhibit "A" and incorporated herein by reference is an itemization of Trustee's expenses.

All required bankruptcy estate tax returns have been filed and the Trustee is proposing paying priority tax claims in full and general unsecured creditors a distribution of 79.85% on his Trustee Final Report.

WHEREFORE, S. Gregory Hays prays for such allowance for his services herein in the amount of $7,000.00 plus reimbursement of expenses in the amount of $62.73 and as the Court finds reasonable and just.

Respectfully submitted 24th day of June, 2021.

/s\
S. Gregory Hays\
Chapter 7 Trustee

Hays Financial Consulting, LLC\
2964 Peachtree Rd, N.W, Ste 555\
Atlanta, Georgia 30305\
(404) 926-0060

# Hays Financial Consulting, LLC

2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

---

**Rudolf Caloian**
**Case # 18-59880-sms**

**For the Period from    6/13/2018   to   6/24/2021**

June 24, 2021

|  |  | **Amount** |
|---|---|---:|
| 9/30/2020 | Postage | 1.50 |
| 6/23/2021 | Case Closing Expenses: | 61.23 |
|  | Copies NFR - 38 notices @ 6 pages @ $0.15 per copy - $34.20 |  |
|  | Postage NFR - 38 notices @ $0.51 per notice - $19.38 |  |
|  | Postage distribution checks - 15 checks @ $0.51 per check - $7.65 |  |
|  | **Total costs** | **$62.73** |